UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael A. Sarratt, # 299026,<br><br>                 Plaintiff,<br><br>v.<br><br>Warden McCall; Sgt. Suratt; C/O Boswell;<br>C/O Carter; IGC Ms. Snyder,<br><br>                 Defendants.<br>_____ | C/A No. 8:11-2699-CMC-JDA<br><br>**REPORT AND RECOMMENDATION** |

      Michael A. Sarratt ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at Perry Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that Defendants have violated his constitutional right to due process, and he seeks primarily injunctive relief. The Complaint should be dismissed for failure to state a claim on which relief may be granted.

Background

      Plaintiff alleges that on April 5, 2011, he learned that he and his cell mate were to be taken to "Operations." Plaintiff alleges that he placed his personal property, including a Sony radio, Koss Porta Pro headphones, hot pot, and alarm clock, inside his cell locker and secured it with a pad lock. Plaintiff alleges that he and his cell mate were escorted to pre-hearing detention, and Officer Carter was supposed to secure the cell door. Later, Officers Suratt and Boswell allegedly obtained Plaintiff's key from him so that they could unlock the pad lock and bring Plaintiff his belongings. Officers Suratt and Boswell allegedly brought to Plaintiff both Plaintiff's belongings and the cell mate's belongings inside a yellow laundry bag, which items were then sorted out. Plaintiff alleges that certain of his items

were missing: radio, headphones, hot pot, alarm clock, lamp, drop cord, most personal hygiene items, numerous clothing items, and religious books.[1]  Plaintiff alleges that Officers Suratt and Boswell stated that they would return to the cell unit and investigate the missing items, but they did not investigate the issue nor file an incident report.

Plaintiff alleges that he filed a Step One grievance on April 12, 2011, to verify that he owned certain personal property and that it was missing.  Plaintiff alleges that Warden McCall responded to the Step One grievance on September 15, 2011, by denying the grievance, and Plaintiff received the response on September 20, 2011.  McCall allegedly stated, "reimbursement of property will only be given if the item(s) were deliberately lost or damaged by SCDC staff while in SCDC control."  Plaintiff seems to allege that McCall's response was in error because Plaintiff did grieve that his items were stolen, lost, or missing, by SCDC staff members while in SCDC control.  For his relief, Plaintiff requests that Defendants be ordered to replace the following personal items, new or used: Sony radio, Koss Porta Pro headphones, hot pot, lamp, alarm clock, outlet drop cord, T-shirts, briefs, thermal clothing, and crew socks.

Plaintiff alleges that per SCDC policy all grievances will be processed through final disposition within one hundred twenty-five (125) days of the initiation of a Step One grievance.  Plaintiff alleges that due to the time lapse in his case from April 12, 2011, until September 20, 2011, no investigation was properly conducted.  Plaintiff alleges that Snyder, the institutional grievance coordinator, violated the SCDC policy and thus denied

---

[1] In this action, Plaintiff does not seek the return of his religious materials.

Plaintiff due process. Plaintiff alleges that he has failed to receive a response to his Step Two appeal at this time.[2]

## Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably

---

[2] Plaintiff signed the Complaint on September 30, 2011.

3

read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff seems to allege that his constitutional right to due process was violated by the taking of his personal property. Whether Plaintiff alleges that Defendants negligently or intentionally deprived him of his personal property, it appears

beyond doubt that Plaintiff can prove no set of facts that would state a cognizable claim under § 1983. *Erickson v. Pardus*, 551 U.S. 89 (2007).

The Supreme Court has held that deprivations of personal property, including negligent deprivations of personal property, do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 (1986). Moreover, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. In other words, "[t]he Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation." *DeShaney v. Winnebago County Dep't of Soc. Serv.*, 489 U.S. 189, 200-203 (1989). The Fourth Circuit Court of Appeals has held that random and unauthorized deprivations of personal property by state officials do not rise to a federal due process violation where the state provides post-deprivation procedures to secure the return of the property or to compensate for the loss. *See Mora v. City of Gaithersburg, Md.*, 519 F.3d 216, 230-31 (4th Cir. 2008); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005); *Yates v. Jamison*, 782 F.2d 1182, 1183-1184 (4th Cir. 1986). In South Carolina, the state provides post-deprivation procedures to secure the return of the property or to compensate for the loss.

Under South Carolina law, Plaintiff's negligence claims relating to his lost property may be cognizable under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq*. Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. Suits brought under the South Carolina Tort Claims Act must be brought in

a state court within the boundaries of South Carolina. *See* S.C. Code Ann. §15-78-20(e) (providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court). Thus, Plaintiff cannot pursue a claim under the South Carolina Tort Claims Act in this Court.

Even if Defendants Carter, Suratt, and Boswell, allegedly intentionally took Plaintiff's property, and if Warden McCall wrongfully denied Plaintiff's Step One grievance about the missing property, Plaintiff has remedies under South Carolina law to obtain relief in state court. *See Hudson v. Palmer*, 468 U.S. 517, 530-536 (1984) (holding that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); *Mora*, 519 F.3d at 230-31 (finding that the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the state process was constitutionally inadequate). *See also Samuel v. Ozmint*, C/A No. 3:07-178-PMD-JRM, 2008 WL 512736 at *7 (D.S.C. Feb. 25, 2008) (noting that claims related to taking of personal property are cognizable under South Carolina state law); *Greene v. Stonebreaker*, C/A No. 9:06-3392-PMD-GCK, 2007 WL 2288123 at *6 (D.S.C. Aug. 6, 2007) (noting that a person in South Carolina appears to have adequate post-deprivation remedies for personal property loss). Accordingly, if Defendants allegedly intentionally stole Plaintiff's personal property, Plaintiff has an available state remedy -- an intentional tort civil action in the South Carolina courts. Therefore, this action should be dismissed for failure to state a claim upon which relief may be granted.

Lastly, Snyder's alleged violation of the SCDC grievance policy, related to the time within which a grievance will be responded to, does not state a cognizable § 1983 claim. *See Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C.1992) (finding that violations of prison rules which fail to reach the level of a constitutional violation are not actionable under § 1983); *Johnson v. S.C. Dep't of Corr.*, C/A No. 3:06-2062-CMC-JRM, 2007 WL 904826, *12 (D.S.C. March 21, 2007) (noting that the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice*. See *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  **Plaintiff's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin

Jacquelyn D. Austin
United States Magistrate Judge

October 26, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984).